Thomas H. Bienert, Jr. (Cal. Bar No. 135311, admitted *pro hac vice*)
tbienert@bmkattorneys.com
Whitney Z. Bernstein (Cal. Bar No. 304971, admitted *pro hac vice*)
wbernstein@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel.: (949) 369-3700
Fax: (949) 369-3701
*Attorneys for James Larkin*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Carl Allen Ferrer,<br><br>  Defendant. | No. 18-CR-00464-SPL<br><br>**MOTION TO STAY AND POSTPONE ANCILLARY HEARING**<br><br>Hon. Steven P. Logan<br>Date:  November 16, 2018<br>Time:  9:00 a.m. |

Excludable delay under 18 U.S.C. § 3161(h) will not occur as a result of this motion or of an order based thereon.

**I.   PROCEDURAL BACKGROUND**

On October 19, 2018, this Court set a November 16, 2018 hearing (the "Ancillary Hearing") on the petitions of third-party interest by Michael Lacey, James Larkin, Scott Spear, John Brunst, Shearwater Investments, LLC, Leeward Holdings, LLC, Camarillo Holdings, LLC, Cereus Properties, LLC, Vermillion Holdings, LLC, and Medalist Holdings, Inc. (collectively, "Claimants"), and Andrew Padilla and Joye Vaught, which were filed in response to the government's Preliminary Order of Forfeiture against Carl Ferrer, Backpage.com, LLC, and certain affiliates of Backpage.com, LLC.  *See* Dkt. 43.

Claimants, Padilla, and Vaught filed their petitions asserting their interests in the property on June 29, 2018 (see Dkts. 29, 30, 31, 32, 33, and 34) and July 1, 2018 (see Dkts. 36, 37, 38, 39, 40, and 41).  There are hundreds of assets at issue (*see* Exhibit A) in the

following broad categories: Bank Accounts, Domain Names, and Security Deposits and Retainers/Deposits for Future Services.

The court set a combined Ancillary Hearing on the same parties' nearly identical petitions of third-party interest in *United States v. Backpage, LLC, et al.*, 18-CR-0465-SPL (see Minute Entry Order, *U.S. v. Backpage, LLC, et al.*, 18-CR-0465-SPL (D. Ariz. Oct. 19, 2018), Dkt. 46). The assets at issue in this case substantially overlap with the assets at issue in 18-CR-0465-SPL (with 270 of 274 assets at issue in this case being common to both cases). *See* Ex. A; *see also* Exhibit A to Motion to Stay and Postpone Ancillary Hearing, *U.S. v. Backpage, LLC, et al.*, 18-CR-0465-SPL (D. Ariz. Nov. 7, 2018), Dkt. 51-1.

Claimants, Padilla, and Vaught moved to stay and postpone the November 16, 2018 Ancillary Hearing in *U.S. v. Backpage, LLC, et al.*, 18-CR-0465-SPL, pending a ruling from the Delaware Court of Chancery in *Camarillo Holdings, LLC, et al. v. Amstel River Holdings, LLC, et al.* (C.A. No. 2018-0606-SG), in which the Court of Chancery currently is considering Claimants' interest in certain property that the government intends to forfeit from Backpage.com, LLC and its affiliates and which is the subject of the Ancillary Hearing in *U.S. v. Backpage, LLC, et al.*, 18-CR-0465-SPL. *See* Motion to Stay and Postpone Ancillary Hearing, *U.S. v. Backpage, LLC, et al.*, 18-CR-0465-SPL (D. Ariz. Nov. 7, 2018), Dkt. 51 (the "Motion to Stay"). In their Motion to Stay, Claimants, Padilla, and Vaught explained that the Delaware court's ruling will have a direct and material impact on Claimants' petitions and this Court's adjudication of Claimants' interest(s) in the relevant assets. *Id.*

For the reasons set forth in the Motion to Stay, and out of concern for judicial economy, Claimants, Padilla, and Vaught similarly respectfully request that this Court stay and postpone the combined Ancillary Hearing.

**II.   ARGUMENT**

Section 853(n) gives a third-party petitioner the right to a full evidentiary hearing, where "the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present

evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture." 21 U.S.C. § 853(n). The evidence and witnesses presented and examined at any Ancillary Hearing in this case will be the exact same as some of the evidence and witnesses presented and examined in the Ancillary Hearing in *U.S. v. Backpage, LLC, et. al.*, 18-CR-0465-SPL.

There is no specific time period in which an ancillary hearing needs to be held, but 21 U.S.C. § 853(n) provides that the Court "shall, to the extent practicable and consistent with the interests of justice," hold a hearing "within thirty days of the filing of the petition." 21 U.S.C. § 853(n).

In a typical case, the third party asserting an interest in forfeited assets is a bank, family member, or other third-party lienholder who has an interest in property. Here, however, the government is attempting to forfeit assets from the cooperating defendant (on his consent) with respect to assets in which the cooperating defendant does not have sole legal interest. Moreover, the individual Claimants, Padilla, and Vaught are defendants in a related prosecution and have chosen to go to trial, and they (and entities controlled by the individual Claimants) have an interest in those same assets. Some of those assets at issue in *U.S. v. Backpage, LLC, et al.*, 18-CR-0465-SPL, include attorney retainer accounts that the individual Claimants, Padilla, and Vaught not only have an interest in but also have a need for their legal defense in their criminal case and to defend related civil litigation. As Claimants explained, their interest in those assets is currently being litigated in the Court of Chancery in Delaware, in the case referenced above. *See* Motion to Reconsider Order Granting Government's Motion to Amend/Correct and Supplement Preliminary Order of Forfeiture, *U.S. v. Backpage, LLC, et al.*, 18-CR-0465-SPL (D. Ariz. Oct. 19, 2018), Dkt. 45.

At any ancillary hearing, the determination of who "owns" or has an interest in property is governed by state law. *See, e.g.*, *Willis Mgmt. Ltd. v. United States*, 652 F.3d

236, 242 (2d Cir. 2011) ("in order for a third-party to have standing to make a claim to preliminarily forfeited assets, it must have a legal interest in those assets, as established by relevant state law."); *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000) ("[s]tate law determines whether Claimants have a property interest"); *United States v. Alcaraz–Garcia*, 79 F.3d 769, 774 (9th Cir. 1996) ("Under 21 U.S.C. § 853(n)(6) the 'legal right, title or interest' of the third party is determined by state law."). Until that state court renders its decision on one of the core issues before the Court, the scheduled Ancillary Hearing in in *U.S. v. Backpage, LLC, et al*. should be stayed. Because the assets at issue in this case are essentially the same assets as those at issue in *U.S. v. Backpage, LLC, et. al.*, it similarly makes sense to stay the Ancillary Hearing in this case as well.

Claimants filed their summary advancement proceeding in the Delaware Court of Chancery on August 16, 2018. With their Complaint, Claimants filed a Motion to Expedite, as cases asserting advancement rights in Delaware are summary proceedings that, consistent with Delaware's strong public policy, are granted expedited treatment. The Court of Chancery will schedule trials in such cases in as little as 45-60 days from the filing of a complaint. Hours before the Court of Chancery was set to hear Claimants' Motion to Expedite (and set a trial date), Ferrer and Backpage.com, LLC removed the case to the United States District Court in Delaware. That Court has now remanded the action back to the Court of Chancery, which has set a hearing on the Motion to Expedite later this month. Claimants will request that the trial be set several weeks thereafter.

Finally, concerns of judicial economy and procedural convenience support a stay of the combined Ancillary Hearing. The Ancillary Hearing in this case will address the same parties' nearly identical petitions of third-party interest regarding nearly identical assets at issue in this case and in *U.S. v. Backpage, LLC, et al.*, 18-CR-0465-SPL. All of the reasons that this Court initially set the combined Ancillary Hearing to proceed at the same time still exist, and the combined hearings should proceed simultaneously.

\ \ \

\ \ \

### III. CONCLUSION

Accordingly, Claimants, Padilla, and Vaught respectfully request that the Court vacate the November 16, 2018 hearing date and stay the Ancillary Hearing. Claimants, Padilla, and Vaught also request that the combined Ancillary Hearing occur following the Delaware Court of Chancery's ruling. Claimants further propose to file a status report with this Court within seven (7) days after the ruling from Delaware is obtained.

Respectfully submitted,

Dated: November 9, 2018

*/s/ Whitney Z. Bernstein*
BIENERT, MILLER & KATZMAN, PLC
Attorneys for James Larkin

# CERTIFICATE OF SERVICE

I certify that on this 9th day of November 2018, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas

David Lawrence Botsford, Botsford & Roark, dbotsford@aol.com

Erin E. McCampbell, Lipsitz Green Scime Cambria LLP, emccampbell@lglaw.com

Daniel James Quigley, Daniel J Quigley PLC, quigley@djqplc.com

Michael L. Piccarreta, Piccarreta Davis Keenan Fidel PC, mlp@pd-law.com

Anthony R. Bisconti, Bienert Miller & Katzman PLC, tbisconti@bmkattorneys.com

Kenneth M. Miller, Bienert Miller & Katzman PLC, kmiller@bmkattorneys.com

Thomas H. Bienert, Jr., Bienert Miller & Katzman PLC, tbienert@bmkattorneys.com

Whitney Z. Bernstein, Bienert Miller & Katzman PLC, wbernstein@bmkattorneys.com

K. C. Maxwell, Maxwell Law PC, kcm@kcmaxlaw.com

Adam Christian Page, Karp & Weiss PC, apage@karpweiss.com

Stephen M. Weiss, Karp & Weiss PC, sweiss@karpweiss.com

Ariel A. Neuman, Bird Marella, aan@birdmarella.com

Gary S. Lincenberg, Bird Marella, gsl@birdmarella.com

Gopi K. Panchapakesan, Bird Marella, gkp@birdmarella.com

Michael D. Kimerer, Kimerer & Derrick PC, MDK@kimerer.com

Rhonda Elaine Neff, Kimerer & Derrick PC, rneff@kimerer.com

Bruce S. Feder, Feder Law Office PA, bf@federlawpa.com

Andrew C. Stone, Assistant U.S. Attorney, andrew.stone@usdoj.gov

John Jacob Kucera, Assistant U.S. Attorney, john.kucera@usdoj.gov

Kevin M. Rapp, Assistant U.S. Attorney, kevin.rapp@usdoj.gov

Margaret Wu Perlmeter, Assistant U.S. Attorney, Margaret.perlmeter@usdoj.gov

Reginald E. Jones, Assistant U.S. Attorney, reginald.jones@usdoj.gov

Peter Shawn Kozinets, Assistant U.S. Attorney, peter.kozinets@usdoj.gov