ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
*Counsel for Plaintiff*

Thomas H. Bienert, Jr. (Cal. Bar No. 135311, admitted *pro hac vice*)
tbienert@bmkattorneys.com
Whitney Z. Bernstein (Cal. Bar No. 304971, admitted *pro hac vice*)
wbernstein@bmkattorneys.com
BIENERT | KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel.: (949) 369-3700
Fax: (949) 369-3701
*Counsel for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Carl Allen Ferrer,<br><br>        Defendant. | Case No. 18-CR-00464-SPL<br><br>**AMENDED JOINT MOTION TO TEMPORARILY CONTINUE ANCILLARY PROCEEDINGS**<br><br>Hon. Steven P. Logan<br>Date: January 25, 2019<br>Time: 9:30 a.m. |

Paul J. Cambria, Jr., CA State Bar No. 177957, *admitted pro hac vice*
Erin E. McCampbell, NY State Bar No. 4480166, *admitted pro hac vice*
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
Email: pcambria@lglaw.com
 emccampbell@lglaw.com
*Counsel for Michael Lacey*

Gary S. Lincenberg, CA State Bar No. 123058, *admitted pro hac vice*
Ariel A. Neuman, CA State Bar No. 241594, *admitted pro hac vice*
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
Email: glincenberg@birdmarella.com
 aneuman@birdmarella.com
*Counsel for John Brunst*

Bruce Feder, AZ Bar No. 004832
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
Email: bf@federlawpa.com
*Counsel for Scott Spear*

Michael L. Piccarreta, AZ Bar No. 003962
PICCARRETA DAVIS KEENAN FIDEL PC
2 E Congress St., Suite 1000
Tucson, Arizona 85701
Telephone: (520) 622-6900
Facsimile: (520) 622-0521
Email: mlp@pd-law.com
*Counsel for Andrew Padilla*

Additional counsel listed on next page

AMENDED JOINT MOTION TO TEMPORARILY CONTINUE ANCILLARY PROCEEDINGS

Stephen M. Weiss, AZ Bar No. 002261
KARP & WEISS PC
3060 N Swan Rd.
Tucson, Arizona 85712
Telephone:   (520) 325-4200
Facsimile:   (520) 325-4224
Email: sweiss@karpweiss.com
*Counsel for Joye Vaught*

Daniel J. Quigley, AZ Bar No. 011052
DANIEL J QUIGLEY PLC
5425 E Broadway Blvd., Ste. 352
Tucson, AZ 85711
Telephone:   (520) 867-4430
Email:          quigley@djqplc.com
*Counsel for Medalist Holdings Incorporated;*
            *Leeward Holdings LLC;*
            *Camarillo Holdings LLC;*
            *Vermillion Holdings LLC;*
            *Shearwater Holdings LLC; and*
            *Cereus Properties LLC*

James P. Whalen, TX 00794837
Ryne T. Sandel, TX 24081689
WHALEN LAW OFFICE
9300 John Hickman Pkwy
Frisco, Texas 75035
Telephone: (214) 368-2560
Email: jwhalen@whalenlawoffice.com
          rsandel@whalenlawoffice.com
*Counsel for April Ferrer*

The Government and Claimants[1] by and through their respective counsel of record, jointly move this Court for a continuance of ancillary proceedings in this matter. The Parties agree that good cause exists to continue the ancillary proceedings currently set for January 25, 2019, for a period of at least four months. However, the parties' rationales and bases for the continuance request differ and are set forth below.

## BACKGROUND

On April 5, 2018, pursuant to a plea agreement, defendants Backpage.com, LLC; Website Technologies, LLC; Posting Solutions, LLC; Amstel River Holdings, LLC; Ad Tech BV; and UGC Tech Group BV (collectively, the "Backpage Defendants"), plead guilty to an Information charging 18 U.S.C. § 1956(h) (money laundering conspiracy). (Dkt. 4). On May 16, 2018, pursuant to Rule 32.2(b), the Court entered a Preliminary Order of Forfeiture (Dkt. 22), which incorporated the list of assets identified in the plea agreement. (*Id.*). On June 29, 2018 (*see* Dkts. 28-33), and July 1, 2018 (*see* Dkts. 35-40), Claimants filed petitions asserting interests in assets listed in the Preliminary Order of Forfeiture.

On October 15, 2018, the government filed a "Stipulated Motion to Amend and Supplement Preliminary Order of Forfeiture" (Dkt. 43), to add to the Preliminary Order of Forfeiture funds held in a number of attorney trust accounts for the benefit of and representation of Claimants and others. The Court entered an order granting this motion on October 18, 2018 (Dkt. 44).[2]

On October 19, 2018, this Court entered an order setting a November 16, 2018, hearing on Claimants' petitions concerning assets listed in the initial Preliminary Order of Forfeiture. On November 7, 2018, Claimants moved for a stay of all ancillary proceedings concerning the originally listed assets and the law firm retainers added by the Government's

---

[1] As used herein, "Claimants" refers to Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, Joye Vaught, Medalist Holdings Incorporated, Leeward Holdings LLC, Camarillo Holdings LLC, Vermillion Holdings LLC, Shearwater Holdings LLC, Cereus Properties LLC, and April Ferrer.

[2] Claimants sought reconsideration of this order, noting that they had no opportunity to respond and raising substantive objections to the motion (Dkt. 45). The government opposed this request (Dkt. 50), and the Court has not ruled on the request.

amendment (Dkt. 51).[3]  The Government agreed that a stay was appropriate, albeit for different reasons (Dkt. 59).  The Court granted the motion in part by issuing a stay through December 7, 2018 (Dkt. 60).

In the meantime, on October 31, 2018, the Government obtained *ex parte* seizure warrants for the attorney retainer funds in the Central District of California.  Claimants challenged the warrants and sought relief in this Court (*United States v. Lacey*, No. CR-18-00422-06-PHX-SPL, Dkts. 360, 365, 376).  In a hearing on November 16, 2018, the Court denied Claimants' motions, directing that the challenges should be brought in the Central District of California (*see* Dkt. 393).  Claimants then filed motions asserting challenges under the First, Fourth, Fifth and Sixth Amendments in that court, which heard argument on December 12. 2018.  That court also called for and received supplemental briefing.  Claimants' motions remain pending.

Pursuant to a joint motion filed by the parties in this case on November 30, 2018 (Dkt. 74), the Court continued the ancillary proceedings until January 25, 2019 (Dkt. 75).[4]  More recently, the parties met and conferred regarding their respective positions, and again agreed to move jointly to continue the ancillary proceedings (Dkt. 82).  On January 16, 2019, the Court denied the joint motion, finding that the parties had failed to demonstrate sufficient good cause for a further continuance (Dkt. 83).  Now, by this Amended Joint Motion, the parties seek to further articulate good cause for this Court to continue the ancillary proceedings for four months, given the circumstances of this case.

While the parties jointly request the continuance, their rationales are different and so are set forth separately here.

---

[3] On November 18 and 19, 2018, Claimants filed petitions asserting their interests in the attorney trust funds that were listed in the Government's Stipulated Motion to Amend (Dkts. 61, 62, 64-73).

[4] The Court's order encompassed all prior petitions of Claimants for assets that had been listed in the original or amended Preliminary Orders of Forfeiture. (*See* Dkt. 75, listing Dkts. 28-40, 61, 62, and 64-73).

**GOVERNMENT'S POSITION**

**A.     Ancillary Proceedings Are Treated Like Civil Proceedings**

The Ninth Circuit and several other Circuits have long recognized that Section 853(n) ancillary proceedings in the criminal forfeiture context are fundamentally civil in nature and are governed by the rules of civil procedure.[5] In 2000, "Congress adopted Federal Rule of Criminal Procedure 32.2 governing proceedings relating to criminal forfeiture, including third-party petitions." *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2nd Cir. 2004) (citing Fed. R. Crim. P. 32(k)(2)). Rule 32.2 mandates that "when a third party files a petition asserting an interest in property to be forfeited, the court must conduct an 'ancillary proceeding.'" *Id.* (citing Fed. R. Crim. P. 32.2(c)(1)). "That ancillary proceeding, although occurring in the context of criminal forfeiture, closely resembles a civil action." *Id.*; *United States v. Moser*, 586 F.3d 1089, 1093 (8th Cir. 2009) (Section 853(n) "carries many of the hallmarks of a civil proceeding, and it bears few if any hallmarks of a criminal proceeding");

---

[5] *See, e.g., United States v. MacInnes*, 223 F. Appr'x 549, 551 (9th Cir. 2007) (stating that a Section 853(n) petition by a person who is not the criminal defendant is civil in nature because the determination should be governed by "the nature of the petitioner, rather than the statute governing the proceeding"); *United States v. McHan*, 345 F.3d 262, 275-76 (4th Cir. 2003) (comparing Section 853(n) proceedings to quiet title actions); *United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 n.4 (9th Cir. 1996) (holding that, under Fed. R. App. P. 4(a)(1), a Section 853(n) petitioner has sixty days to appeal a district court's decision, as opposed to the ten-day time limit applied in criminal cases, because a Section 853(n) proceeding is civil in nature); *United States v. Douglas*, 55 F.3d 584, 586 (11th Cir. 1995) ("Congress … viewed a § 853(n) hearing as a species of an 'action at law or equity'—a substitute for separate *civil* litigation against the government.") (quoting 21 U.S.C. § 853(k)(2)); *United States v. Lavin*, 942 F.2d 177, 181-82 (3d Cir. 1991) (same holding as *Alcaraz-Garcia*); *United States v. D'Esclavelles*, 541 F. Supp. 2d 794, 797 (E.D. Va. 2008) (granting fees under Section 2465(b)(1) and stating, "The hearing that follows [a Section 853(n) petition] is civil in nature."), overruled on other grounds by *United States v. Buk*, 314 Fed. App'x 565, 570 (4th Cir. 2009); *United States v. Nolasco*, 2008 WL 4388518, at *2 (D.N.J. Sept. 29, 2008) ("Moving Petitioners correctly characterize their § 853(n) petition as 'civil.'"); *United States v. McCollum*, 443 F. Supp. 2d 1154, 1165 (D. Neb. 2006) (stating in dicta, "Although this is a criminal case, the matter before me is quasi-civil in nature and arises pursuant to 21 U.S.C. § 853(n)"); *United States v. Wade*, 291 F. Supp. 2d 1314, 1316-17 (M.D. Fla. 2003) (holding that a petitioner is not entitled to effective assistance of counsel because Section 853(n) petitions are civil in nature).

*see* Fed. R. Crim. P. 32.2(c)(1)(A) & (B).[6]  Thus, under Rule 32.2, a request for stay of a third-party petition in a criminal forfeiture proceeding prior to discovery or a hearing should be treated like a motion to stay a civil forfeiture complaint under Federal Rule of Civil Procedure Rule 62.  *See id.* (concerning 12(b) motion to dismiss).  Because a stay analysis with respect to civil forfeiture proceedings is equally applicable to related criminal ancillary proceedings, the Government sets forth its arguments herein based on such premise.

**B.     Stay Pursuant to 18 U.S.C. § 981(g)(1)**

To address the conflicts that may arise from discovery and the possibility of self-incrimination when there are simultaneous criminal and civil proceedings, Congress passed the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which provides for a stay of civil forfeiture proceedings that are related to a criminal investigation or prosecution.  *See* 18 U.S.C. § 981(g).  Specifically, Section 981(g)(1) states:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

Thus, in order to stay these Ancillary Proceedings pursuant to Section 981(g)(1), this Court need only determine that (1) these proceedings are related to a criminal proceeding or investigation, and (2) any civil discovery will adversely affect the Government's ability to conduct a related criminal investigation or prosecution in the related criminal matter.  *See* 18 U.S.C. § 981(g)(1); *see also United States v. Real Prop. Located at 6415 N. Harrison Ave., Fresno Cty.*, No. 1:11-CV-00304-BAM, 2012 WL 4364076, at *3 (E.D. Cal. Sept. 21, 2012).  If the Government satisfies this two-pronged test, "the Court is obligated by the plain

---

[6] "The Advisory Committee explained that because ancillary proceedings can be enormously complicated, 'procedures akin to those available under the Federal Rules of Civil Procedure,' such as motions to dismiss, discovery, and motions for summary judgment, 'should be available to the court and the parties to aid in the efficient resolution of the claims." *Pacheco*, 363 F.3d at 352 (citing Fed. R. Crim. P. 32.2 advisory committee's note to subdivision (c)).

language of the statute to grant the Government's request for a stay." *6415 N. Harrison Ave.*, 2012 WL 4364076, at *6.

### C. The Ancillary Proceeding Is Related To The Criminal Proceeding

Section 981(g)(4) defines the terms "related criminal case" and "related criminal investigation" as follows:

> [A]n actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4). Courts within the Ninth Circuit have consistently found that "[w]here common facts, similar criminal offenses, and common parties exist, the criminal and civil cases are considered to be 'related.'" *149 G St., Lincoln, Cal.,*, 2013 WL 2664770, at *4; *see One 2008 Audi R8 Coupe*, 866 F. Supp. 2d at 1183; *6415 N. Harrison Ave.*, 2012 WL 4364076, at *3.

### D. At This Time, Discovery Will Adversely Affect The Criminal Matter

Section 981(g)(1) does not require the Government to demonstrate a particular showing of prejudice; the Government need only demonstrate likely or anticipated prejudice or harm. Section 981(g)(1) "does not require a particularized showing of prejudice or specific harm as contemplated by [the Individual Defendants]." *Florida Capital Bank*, 2009 WL 3458189 at *2. The only thing this Court "must determine is whether civil discovery will interfere with the [related] criminal [proceeding]." *Id.* "Courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of *likely* prejudice to the criminal proceeding caused by the civil discovery." *One 2008 Audi Coupe*, 866 F. Supp. 2d at 1185 (emphasis in original).

5
AMENDED JOINT MOTION TO TEMPORARILY CONTINUE ANCILLARY PROCEEDINGS

### E. Proceeding Now With The Ancillary Proceedings Would Burden The Rights Of Certain Individual Claimants In The Related Criminal Investigation Or Case

It is the Government's general policy to seek to stay related civil proceedings (including any ancillary proceedings) in order to avoid implicating the rights of individual criminal defendants in an effort from having to choose between (1) subjecting themselves to civil discovery and (2) invoking their Fifth Amendment rights. The Government's policy is consistent with Section 981(g)(1).

Should any related ancillary proceeding be allowed, not only will the Government's ability to prosecute this criminal proceeding be impaired, but certain of Claimants' Fifth Amendment rights may be violated. This is based on anticipated discovery inherent in such proceedings. *See United States v. 4Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 83 (2nd Cir. 1995) (claimant in a civil forfeiture case faces the dilemma of remaining silent and allowing the forfeiture or testifying against the forfeiture and exposing himself to incriminating admissions).

## CLAIMANTS' POSITION

Under 21 U.S.C. § 853(n), third parties that have filed petitions asserting an interest in property that the government attempts to forfeit from a criminal defendant have a right to an evidentiary hearing. At the hearing, the third party petitioner "may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing." 21 U.S.C. § 853(n)(5). The Government may also "present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing." *Id.* "In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture." *Id.* "The hearing shall be held before the court alone, without a jury." 21 U.S.C. § 853(n)(2).

"While the ancillary proceeding is mandatory, nothing in either Rule 32.2(b) or Section 853(n) sets a deadline for when the ancillary proceeding must begin." Stefan D. Cassella, Asset Forfeiture Law in the United States § 23-3, at 660-61 (2007). Section

853(n)(4) provides that, "to the extent practicable and consistent with the interests of justice," the court should hold a hearing on third-party claims within thirty days, but, "[a]s a practical matter, courts seldom resolve third party claims that quickly." *Id.* § 23-6, at 667. As the statutory language reflects, the thirty-day time frame is not mandatory, and it should not be applied when, as here, the parties collectively agree that going forward with ancillary proceedings at this time is not practicable or in the interests of justice.

Ancillary proceedings should be postponed in this case for a number of reasons.[7] First, challenges to the Government's seizures and efforts to forfeit Claimants' and other parties' attorney retainer funds remain pending in the Central District of California, where this Court directed that Claimants' constitutional objections under the First, Fourth, Fifth and Sixth Amendments should be heard and decided. *See, e.g.*, *In re Seizure of Up To and Including $10,000 in Bank Funds Held in JP Morgan Chase Account #XXXXX9285*, No. 18-MJ-02875 (C.D. Cal.). Similar issues are pending in a Ninth Circuit appeal regarding other civil forfeiture proceedings commenced by the Government in the Central District of California to seize and forfeit assets of several of the Claimants. *See In re Any and All Funds Held in Republic Bank of Arizona Accounts XXXX1889, etc.*, No. 18-56455 (9th Cir.).[8] Ancillary proceedings here should be deferred pending decisions in these cases and as a matter of judicial economy.

Second, ancillary proceedings should be stayed pending a ruling from the Delaware Court of Chancery in *Camarillo Holdings, LLC, et al. v. Amstel River Holdings, LLC, et al.* (C.A. No. 2018-0606-SG). In that case, the Chancery Court is addressing Claimants'

---

[7] The discussion above focuses on substantive reasons that ancillary proceedings are impractical and inappropriate at this time. But, ancillary proceedings also cannot begin for a separate, procedural reason. The Government did not publish notice of its forfeiture claims, as required by Section 853(n)(1) until December 7, 2018, and the notice provides that claims may be filed up to and through February 5, 2019. (Dkt. 84, Attach. 1, at 2). In addition, as discussed *infra*, the Preliminary Order of Forfeiture upon which the Government's notice was based remains subject to a request for reconsideration.

[8] In an order issued today, January 23, 2019, the Ninth Circuit reset the Parties' briefing schedule and ordered that "[t]he Clerk shall calendar this case for the first available calendar upon completion of briefing." Exhibit A. Briefing is expected to conclude by March 29, 2019.

interests in certain assets the Government seeks to forfeit from Backpage.com, LLC and its affiliates. The central issue in an ancillary hearing of the parties' respective ownership interests in forfeited assets is governed by state law. *See, e.g.*, *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000) ("[s]tate law determines whether Claimants have a property interest"); *United States v. Alcaraz–Garcia*, 79 F.3d 769, 774 (9th Cir. 1996) ("Under 21 U.S.C. § 853(n)(6) the 'legal right, title or interest' of the third party is determined by state law."). As the pending Delaware case should decide core issues relating to property rights and ownership that would be a predicate for issues to be addressed in ancillary proceedings, a stay is appropriate to await decision of Delaware court as well.[9]

Third, ancillary proceedings cannot occur until the Court determines "whether the Government has established the requisite nexus between the property [sought to be forfeited] and the offense," *i.e.*, whether the "property is subject to forfeiture" under the law. Fed. R. Crim. P. 32.2(b)(1); *see also id.* 32.2(b)(5)(B) (same nexus requirement if forfeiture determination is made by a jury). Neither the Government's claims nor a cooperating defendant's concession that property is subject to forfeiture can be enough to establish the requisite nexus that funds are, in fact, "tainted" criminal proceeds. The statute requires an independent determination by the Court, and this too is of constitutional import, because parties who hold untainted assets are free to use them as they choose. *See Luis v. United States*, 136 S. Ct. 1083, 1091 (2016) (government's forfeiture of untainted assets violated Sixth Amendment right to counsel of choice; "It is the difference between what is yours and what is mine."); *see also United States v. Daugerdas*, 892 F.3d 545, 552 (2d Cir. 2018) (due process clause forbids binding claimant to determination in prior proceedings between criminal defendant and the government that property was subject to forfeiture, where

---

[9] Carl Ferrer and his entities removed the Delaware state court action to federal court, claiming the case was an improper collateral attack on the forfeiture proceedings, but the federal court remanded the case to the Delaware state court. The Government has also previously argued here that the Delaware case is an impermissible collateral attack on its proceedings here to forfeit Claimants' and others' attorney retainer accounts (Dkt. 59), which the Government instituted after Delaware case was filed. For present purposes, however, it is sufficient to note that the Delaware proceedings are ongoing and have not been enjoined, and that the next scheduled hearing is on February 5, 2019.

claimant "was not permitted to participate").  In this case there has been no determination that *any* of assets the Government seeks to forfeit are criminal proceeds, much less that every dollar of revenue ever earned by Backpage.com – whether for employment ads, real estate ads, escort ads, or anything else – was known criminal proceeds.[10]

## CONCLUSION AND JOINT REQUEST

Based on the forgoing, the parties respectfully request that the Court continue the ancillary proceedings for a period of four months, and set a status conference in this regard for the week of May 20, 2019, or such other date as the Court sets.  A Proposed Order is being lodged contemporaneously with this Amended Joint Motion to Stay.

Respectfully submitted this 24th day of January 2019.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s John J. Kucera*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
JOHN J. KUCERA
Assistant U.S. Attorneys

BRIAN BENCZKOWSKI
Assistant Attorney General
U.S. Department of Justice
Criminal Division

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice
Criminal Division
Child Exploitation and Obscenity Section

---

[10] In making these determinations about whether there is any "nexus" or "taint," the Government would have to show specific ads that were for illegal conduct and that each defendant knew this, published each ad, and intended and acted to further the illegal conduct. Though beyond the scope of this motion, this is bedrock law under the First Amendment, *see Smith v. California*, 361 U.S. 147, 153-54 (1959) (bookseller could not be held criminally liable under ordinance that dispensed with scienter); *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994) (in accordance with First Amendment, interpreting 18 U.S.C. § 2252 to require that defendant had knowledge that individuals in specific videos were underage).

BIENERT, MILLER & KATZMAN, PLC
*s/ Thomas H. Bienert*
Thomas H. Bienert
Whitney Z. Bernstein
Attorneys for James Larkin

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin McCampbell
Attorneys for Michael Lacey

BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW
*s/ Gary S. Lincenberg*
Gary S. Lincenberg
Ariel A. Neuman
Attorneys for John Brunst

FEDER LAW OFFICE, P.A.
*s/ Bruce Feder*
Bruce Feder
Attorneys for Scott Spear

PICCARRETA DAVIS KEENAN FIDEL PC
*s/Michael L. Piccarreta*
Michael L. Piccarreta
Attorneys for Andrew Padilla

KARP & WEISS PC
*s/Stephen M. Weiss*
Stephen M. Weiss
Attorneys for Joye Vaught

DANIEL J QUIGLEY PLC
*s/Daniel J. Quigley*
Daniel J. Quigley
Attorneys for Medalist Holdings Incorporated; Leeward Holdings LLC; Camarillo Holdings LLC; Vermillion Holdings LLC; Shearwater Holdings LLC; and Cereus Properties LLC

                                        WHALEN LAW OFFICE
                                        *s/James P. Whalen*
                                        James P. Whalen, TX 00794837
                                        Ryne T. Sandel, TX 24081689
                                        Attorneys for April Ferrer

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jonathan Baum, Clarence Dyer & Cohen LLP, jbaum@clarencedyer.com

Nanci Clarence, Clarence Dyer & Cohen LLP, nclarence@clarencedyer.com

Erin E. McCampbell, Lipsitz Green Scime Cambria LLP, emccampbell@lglaw.com

Paul John Cambria, Jr., Lipsitz Green Scime Cambria LLP, pcambria@lglaw.com

Daniel James Quigley, Daniel J Quigley PLC, quigley@djqplc.com

Michael L. Piccarreta, Piccarreta Davis Keenan Fidel PC, mlp@pd-law.com

Anthony R. Bisconti, Bienert Miller & Katzman PLC, tbisconti@bmkattorneys.com

Kenneth M. Miller, Bienert Miller & Katzman PLC, kmiller@bmkattorneys.com

Thomas H. Bienert, Jr., Bienert Miller & Katzman PLC, tbienert@bmkattorneys.com

Whitney Z. Bernstein, Bienert Miller & Katzman PLC, wbernstein@bmkattorneys.com

K. C. Maxwell, Maxwell Law PC, kcm@kcmaxlaw.com

Stephen M. Weiss, Karp & Weiss PC, sweiss@karpweiss.com

Ariel A. Neuman, Bird Marella, aan@birdmarella.com

Gary S. Lincenberg, Bird Marella, gsl@birdmarella.com

Gopi K. Panchapakesan, Bird Marella, gkp@birdmarella.com

Michael D. Kimerer, Kimerer & Derrick PC, MDK@kimerer.com

Rhonda Elaine Neff, Kimerer & Derrick PC, rneff@kimerer.com

Bruce S. Feder, Feder Law Office PA, bf@federlawpa.com

Andrew C. Stone, Assistant U.S. Attorney, andrew.stone@usdoj.gov

John J. Kucera, Assistant U.S. Attorney, john.kucera@usdoj.gov

Kevin M. Rapp, Assistant U.S. Attorney, kevin.rapp@usdoj.gov

Margaret Wu Perlmeter, Assistant U.S. Attorney, Margaret.perlmeter@usdoj.gov

Reginald E. Jones, Assistant U.S. Attorney, reginald.jones@usdoj.gov

Peter Shawn Kozinets, Assistant U.S. Attorney, peter.kozinets@usdoj.gov

*/s/John J. Kucera*
U.S. Attorney's Office