# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff -vs- Carl Allen Ferrer, Defendant. | CR-18-0464-PHX-DJH |
| United States of America, Plaintiff -vs- Backpage.com LLC., *et al.* Defendants. | CR-18-0465-PHX-DJH **Order** |

The Court will set herein a preliminary, pre-hearing schedule for the ancillary proceedings to address the third-party petitions claiming interests in properties subject to the preliminary forfeiture orders in these two related criminal cases.

**Timing of Proceedings** - These ancillary proceedings have been subject to a series of motions to continue a status conference, which have had the effect of deferring the resolution of the Petitions. The most recent was a Stipulation (Doc. 109) filed July 14, 2021 to continue the status conference until January 11, 2022, which was granted. (Order 7/15/21, Doc. 110.) That status conference was vacated and the Ancillary Proceedings referred to the undersigned for further proceedings and a report and recommendation. The matter was reset, and the status conference held on February 16, 2022.

The Government seeks to proceed with the Ancillary Proceedings because of the potential that individual Petitioners (who are defendants in CR-18-0422-PHX-DJH) may again seek to release funds subject to the preliminary forfeiture order to fund their defense, causing a hurried resolution on the interests asserted in their petitions and/or a delay in the

criminal proceedings. While the Petitioners point out no motion to release has been filed, they recognize one could be filed.

At the same time, the Government and the Petitioners argue for a continuing stay in light of the potential Fifth Amendment issues raised by discovery and/or hearings in which various Defendant-Petitioners (*i.e.* Petitioners who are defendants in the related *Lacey* case, CR-18-0422) or the Defendants in these criminal cases may be compelled to provide testimony or responses, as well as the impact upon various disclosures which might be required in the ancillary proceedings but would otherwise remain protected in the criminal proceedings. (*See e.g.* Supplemental Status Report, CR-18-0465, Doc. 129, at 11, n. 4.)

The Court concludes that the Ancillary Proceedings should progress for the following reasons.

First, neither the governing Rule nor the governing statutes mandate delay. *See* Fed. R. Crim. P. 32.2(c); 18 U.S.C. § 982(b)(1) (governing money laundering forfeitures and incorporating by reference the procedures in 21 U.S.C. § 853, which would otherwise only apply to drug prosecution forfeitures); and 21 U.S.C. § 853.[1] Indeed, Rule 32.2(b)(3) provides for commencement of the ancillary proceedings on entry of the preliminary forfeiture order. Moreover, the Rule makes clear "[a]n ancillary proceeding is not part of sentencing." Fed. R. Crim. P. 32.2(c)(4). Thus, the ancillary proceedings can be resolved after or before sentencing.

Second, the extent and impact of potential Fifth Amendment and other disclosure concerns may never be revealed or fully developed until the discovery or hearings proceed. The parties agree that there has already been substantial discovery and disclosures in other

---

[1] Rather, the rule and statutes simply set a progression of: (1) forfeiture allegation; (2) plea or verdict; (3) jury verdict on forfeiture, if requested; (4) preliminary order of forfeiture; (5) seizure; (6) as to defendant, finality of forfeiture at sentencing or on consent; (7) notice to potential claimants; (8) third party petitions; (9) ancillary proceedings (including dismissal motions, discovery, summary judgment motions and hearings); and (10) final order of forfeiture. Here, all but steps (6), (9), and (10) have been completed, the latter two being these Ancillary Proceedings. As to Step 6, the rule makes clear that "[a]n ancillary proceeding is not part of sentencing." Fed. R. Crim. P. 32.2(c)(4).

related proceedings. It may be that the information required to resolve the property interests asserted will require no discovery into protected matters.

Third, there is no assurance that resolution of the criminal proceedings (in the instant cases or the related *Lacey* case, CR-18-0422) will fully dispose of Fifth Amendment concerns. For example, there may be prosecutions still possible on other offenses and/or by other jurisdictions.

Fourth, it is at least questionable whether a third-party petitioner has any right to rely on the Fifth Amendment to press a claim without providing discovery. *See e.g. United States v. Rylander*, 460 U.S. 752, 758 (1983) (litigant cannot shift the Fifth Amendment "privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his").

Fifth, pressing forward on the ancillary proceedings diminishes the risk of disruption to the criminal proceedings based on a lack of funding for counsel and/or belated motions to release funds. To the extent that such risk could be eliminated (e.g. by a stipulation among the parties, funding of defense from other sources, etc.), the Court remains willing to revisit the propriety of proceeding at this juncture.

Sixth, there is no reason to believe that the issues needed to resolve a motion to release would be significantly less complicated than resolving the entire ancillary proceedings. Thus there is no means to avoid the risks of disruption related to such motions, *e.g.* by proceeding on only a portion of the Ancillary Proceedings.

**<u>Structure of Schedule</u>** – The Court will adopt a formal schedule to aid in the management of the Ancillary Proceedings. These proceedings involve a wide variety of properties, a large number of Petitioners, a variety of intermediary entities, and purportedly complex financial transactions giving rise to the interests. Moreover, the value of the properties at issue appears to be hundreds of millions of dollars. Thus, the Court anticipates vigorous litigation by the parties, and concludes that active management of that process will likely result in judicial economy and greater fairness.

The Petitioners have asserted that the Court is bound under Federal Rule of Criminal Procedure 32.2 to a very strict pre-hearing structure, *i.e.* motions to dismiss, then discovery, then motions for summary judgment. This progression echoes the general structure of civil proceedings, *see e.g.* Fed. R. Civ. P. 12(h) (defenses required to be brought in pleadings) and Fed. R. Civ. P. 56(d) (stays of summary judgment to complete discovery), albeit in the abbreviated form envisioned by Congress for forfeiture proceedings. See 21 U.S.C. § 853(n)(4) (hearing within 30 days).[2] Indeed, it has been observed that "Ancillary proceedings are not totally criminal or civil in character." Sarah N. Welling, *Ancillary Proceedings*, 3 Fed. Prac. & Proc. Crim. § 574 (4th ed.) at text surrounding n. 10.

The Court disagrees with the proposition that it lacks discretion to deviate from the strict three-part progression asserted by Petitioners, *e.g.* discretion to allow summary judgment motions on discrete issues even though discovery on other issues remains incomplete, or to allow motions to dismiss where the basis does not appear until discovery begins, etc. Petitioners cite no authority beyond the language of the Rule for their argument, and the Court has found none. *See e.g.* Kathy Bazoian Phelps*, Third-Party Interests in Criminal and Civil Forfeitures,* Prac. Law. (October 2017) at 23; Steven Mark Levy, *Third Party Rights--Procedure,* Fed. Money Laundering Regulation: Banking Corporate and Securities Compliance § 26.14 (2022); Sarah N. Welling, *Ancillary Proceedings*, 3 Fed. Prac. & Proc. Crim. § 574 (4th ed.); and *Ancillary proceeding on third party interest in property; entering final order of forfeiture*, 9A Fed. Proc., L. Ed. § 22:1719.

The governing statutes impose no such rigid structure. Indeed, 21 U.S.C. § 853(n) does not appear to even contemplate post-seizure discovery or motions of any kind. While Rule 32.2 identifies three stages of the process, it does not explicitly preclude deviation.

---

[2] The instant forfeitures in a money laundering case are authorized under 18 U.S.C. § 982, which incorporates by reference the procedures in 21 U.S.C. § 853 (which would otherwise only apply to drug prosecution forfeitures). *See* 18 U.S.C. § 982(b)(1).

Doubt should be resolved in favor of judicial economy and fairness. "These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2.

The Advisory Committee Notes to the 2000 Adoption of Rule 32.2 acknowledge the propriety of following relevant civil procedures in ancillary proceedings:

> Experience has shown that ancillary hearings can involve issues of enormous complexity that require years to resolve. *See United States v. BCCI Holdings (Luxembourg) S.A.,* 833 F.Supp. 9 (D.D.C. 1993) (ancillary proceeding involving over 100 claimants and $451 million); *United States v. Porcelli*, CR-85-00756 (CPS), 1992 WL 355584 (E.D.N.Y Nov. 5, 1992) (litigation over third party claim continuing 6 years after RICO conviction). In such cases, procedures akin to those available under the Federal Rules of Civil Procedure should be available to the court and the parties to aid in the efficient resolution of the claims.
>
> Because an ancillary hearing is connected to a criminal case, it would not be appropriate to make the Civil Rules applicable in all respects. The amendment, however, describes several fundamental areas in which procedures analogous to those in the Civil Rules may be followed. These include the filing of a motion to dismiss a claim, conducting discovery, disposing of a claim on a motion for summary judgment, and appealing a final disposition of a claim.

Fed. R. Crim. P. 32.2(c), Adv. Comm. Note 2000. The identified areas are not exclusive. Indeed, that Note observed that prior to the adoption of the rules, the courts had applied related portions of the Federal Rules of Civil Procedure. *Id.*

Accordingly, the Court imposes no delay on the filing of motions for summary judgment. *See* Fed. R. Civ. P. 56(b) (no delay in filing absent local rule or order). Nor, given the potential benefit in a complex matter of partial summary judgment (as authorized by Federal Rule of Civil Procedure 56(a)), does the Court limit the parties to single motions for summary judgment. Moreover, the Court will consider motions to amend this schedule under the standards for preliminary scheduling orders in Federal Rule of Civil Procedure 16(b). *See e.g. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (amendment based on inability to reasonably comply despite diligence).

**Consolidation of Proceedings** – At the status hearing, the parties voiced no

objection to the consolidation of these ancillary proceedings, among the two criminal cases and the various Petitions, at least at the pre-hearing stage. The factual and legal issues are largely common between the ancillary proceedings in the two cases. It may be that at some future point that it will become apparent that for reasons of judicial economy or fairness the matters will need to be handled separately, either in whole or in part. Until then, the Court will treat these Ancillary Proceedings as consolidated for pre-hearing purposes. *Cf.* Fed. R. Civ. P. 42(a).[3] Discovery requests and responses may be made and used in either of the criminal forfeiture cases and any of the ancillary proceedings for the various Third-Party Petitions. Unless uniquely related to only one of the criminal forfeiture orders, motions related to the ancillary proceedings should be filed in the case with the lowest case number, CR-18-0464. *Cf.* LRCiv 42.1(b).

**IT IS THEREFORE ORDERED**:

(A) These Ancillary Proceedings are consolidated, as described herein, for purposes of pre-hearing proceedings.

(B) The parties have through **March 15, 2022** to file any motion to dismiss any Third Party Petition for lack of standing, for failure to state a claim, or for any other lawful reason.

(C) The parties must comply with Local Rule of Civil Procedure 12.1(c).

(D) The parties have through **June 15, 2022** to file any motions for leave to serve discovery. Briefing on such must address any anticipated Fifth Amendment issues arising from such discovery.

(E) Any written discovery requests authorized must be served within 14 days of the filing of the authorizing order.

(F) Any motions to compel written discovery must be filed within 60 days of the service

---

[3] In purely civil proceedings heard on referral, the undersigned assumes that under Local Rule of Civil Procedure 42.1(b) (requiring consultation with judges "assigned" to case) that consolidation must be ordered by the assigned district judge. To the extent that the parties might object to this portion of this order on such a basis, the undersigned would proffer this order as a report and recommendation to the district judge to order such consolidation.

of the discovery requests.

(G) Any depositions authorized must be noticed within 14 days of the filing of the authorizing order, and completed within 30 days thereafter.

(H) Any motions to compel regarding depositions must be filed within 14 days of the completion of the deposition.

(I) All discovery must be complete (*i.e.* by completion of service, response, completion of deposition, and filing of any motion to compel) by **September 15, 2022**.

(J) All motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 must be filed by **October 15, 2022**.

(K) Briefing on motions for summary judgment will be subject to Local Rule of Civil Procedure 56.1 and 56.2.

Dated: February 17, 2022

18-0464o Order 22 02 16 re Prelim Sched AncillProc.docx

James F. Metcalf
United States Magistrate Judge