TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant United States Attorney
Arizona State Bar No. 014249
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: kevin.rapp@usdoj.gov
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-00464-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' RESTITUTION MEMORANDUM RE: DEFENDANT CARL FERRER** |
| vs. | |
| Carl Allen Ferrer, | Sentencing Hearing: |
| Defendant. | September 9, 2025, 9:00 a.m. |

**Restitution and Remission**

[redacted][redacted][redacted][1] In addition, this Court has ordered

---

[1] Surviving victims that were posted on Backpage may make a claim in the remission process at the following website:

https://link.edgepilot.com/s/94cf5872/welziqUgak2RMmsFzPA8qQ?u=https://www.backpageremission.com/

restitution, after a lengthy two-day hearing and substantial briefing, to be paid by Spear and Brunst in the amount of $3,465,837.17, jointly and severally. (Doc. 2356)

In considering what is the appropriate restitution order for Ferrer, the Court has significant discretion when it comes to imposing restitution, but here, the statute supports treating Ferrer somewhat differently from Spear and Brunst because of their different level of responsibility and their different economic circumstances.

The statute explains that, in ordering restitution, courts are supposed to consider two factors: (1) each defendant's "level of contribution to the victim's loss"; and (2) the "economic circumstances of each defendant." 18 U.S.C. § 3664(h). Here, Ferrer is situated differently than Spear and Brunst in both respects. Given these differences, the Court has the authority to impose different restitution amounts for different defendants. *See United States v. Klein*, 476 F.3d 111, 114 (2d Cir. 2007) (remanding restitution order to district court because "district court's view that the Probation Department cannot administer varying restitution amounts that are joint, and several is 'mistaken.'").

In addition, the level of criminal responsibility for Ferrer in this case is less than for Spear and Brunst. Spear and Brunst were owners of Backpage with full decision-making authority over the company. Ferrer, in contrast, was functionally an employee (and even after the owners loaned Ferrer $600 million in 2015 to "buy" the company from them, they retained control over most substantive decisions).

Moreover, the economic circumstances that Ferrer is in are very different from those of Spear and Brunst. As owners of Backpage for nearly two decades, Spear and Brunst earned millions from Backpage, while Ferrer earned a small fraction in comparison. Additionally, because Ferrer accepted responsibility and pled guilty, Ferrer has already forfeited money that was traceable to Backpage, while Spear and Brunst aggressively fought forfeiture and obtained a settlement from the government, receiving back millions of dollars in Backpage-related funds.

After pleading guilty ████████████████████████████████, Ferrer has decidedly limited resources. Ferrer's net worth is primarily composed of his residence and

his pre-Backpage contributions to his retirement account. Ferrer is 64 and retired. Accordingly, the Government recommends that Ferrer pay $500,000 in restitution that should be credited toward the approximate $3.5 million this Court ordered Brunst and Spear to pay.

Lastly, further hearings on restitution would be impractical in this case because identifying victims beyond the victims that this Court has already ordered restitution would unnecessarily complicate, prolong the sentencing process, and delay restitution payments to victims. In addition, unidentified victims may seek compensation from forfeited assets through a remission process that is currently ongoing. If this Court orders $500,000 in restitution to be paid by Ferrer, jointly and severally with Spear and Brunst, it should be divided among the identified victims in a *pro rata* distribution.

**Conclusion**

███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
██████████████████████████████ The government further requests that the Court order Ferrer to pay $500,000 in restitution to be paid jointly and severally with the approximate $3.5 million that this Court ordered for Spear and Brunst.

Respectfully submitted this 4th day of September, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Kevin M. Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Jonathan Baum
*Counsel for Defendant*


 s/Daniel Parke
U.S. Attorney's Office