TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant United States Attorney
Arizona State Bar No. 014249
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: kevin.rapp@usdoj.gov
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Carl Allen Ferrer, <br><br> Defendant. | CR-18-00464-PHX-DJH <br><br> **UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM RE: DEFENDANT CARL FERRER** <br><br> **Sentencing Hearing:** <br> **September 9, 2025, 9:00 a.m.** |

## SUMMARY

Consistent with other filings, the United States recommends that the Court impose a sentence on Defendant Carl Allen Ferrer ("Ferrer") of five years' probation, and order restitution in the amount of $500,000. This recommended sentence achieves the factors under USSG §3553 in addition to other considerations.

**I.   Procedural History**

On April 6, 2018, Ferrer pleaded guilty to one count of conspiracy to violate the Travel Act. In 2023, after a three-month trial, the jury found defendants Lacey, Spear, and Brunst guilty of a combination of counts in the superseding indictment. Both Spear and

Brunst were sentenced to 120 months. In addition, Brunst was ordered to pay a fine of $50,000. Lacey was sentenced to 60 months in prison and ordered to pay a fine of $3 million. Following a separate restitution hearing, Spear and Brunst were ordered to jointly and severally pay $3,465,837.17 in restitution. (Doc. 2356.) All three defendants have appealed their convictions and restitution. Lacey remains out of custody pending appeal.

## II.   Applicable Law: 18 U.S.C. § 3553

Along with the U.S. Sentencing Guidelines, the other factors set forth in Section 3553(a) must be considered. Section 3553(a) directs the Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph two. That sub-paragraph sets forth the purposes as:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

Section 3553(a) further directs the Court in determining the particular sentence to impose to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

### A.   The Nature and Circumstances of the Offense

This Court resolved numerous pretrial motions, presided over a three-month jury trial, reviewed PSRs, and sentenced three of the principal owners of the Backpage, so the offense conduct is well known to this Court. The PSR (Doc. 163) and the Court's April 23,

2024, Order (Doc. 2063) detail the offense conduct—including Ferrer's various management roles in Backpage, which became notorious as the Internet's leading source for prostitution ads until its shutdown in April 2018.

### B. History and Characteristics of Defendant

According to the PSR, Mr. Ferrer has been otherwise law abiding his entire adult life with no previous contacts with the criminal justice system. He has a strong relationship with his family, is supportive of his adult children, and maintained stable employment before and after his involvement with Backpage. (PSR ¶¶ 207-210.) His history and characteristics set forth in the PSR are supplemented by the sentencing memorandum filed on his behalf. (Doc. 173, pp. 15-17.) On balance, his history and characteristics weigh in his favor.

### C. Need to Reflect the Seriousness of the Offense

This Court is well-aware of the seriousness of the offense as outlined in the superseding indictment and having presided over a three-month trial that included trial testimony from victims. In addition, many victims addressed this Court at the restitution hearing and provided written impact statements. It is a matter of public record that Ferrer spent 12 days on the stand in the Government's case-in chief, outlining the evolution of Backpage, the revenue generated from the website, its global reach, among other things. All had a devastating impact on victims worldwide. This was a long-running, highly-orchestrated, serious offense.

### D. Need for Deterrence

Under Section 3553(a), the sentence must deter future criminal conduct. Absent other factors, the need for general deterrence weighs in favor of a custodial sentence, similar to the sentences received by the defendants who were convicted at trial. As for specific deterrence for Ferrer, he will face lifelong consequences from his felony conviction, limiting his employment opportunities, loan eligibility, and any professional licenses that he chooses to pursue, and negative reputational impact. Moreover, Ferrer's

conduct following his guilty plea and lack of incidents while under extended pre-trial supervision weigh against the need for further specific deterrence.

### E. Need to Avoid Unwarranted Sentence Disparities

The recommended sentence aligns with sentences given to similarly situated defendants. Again, Ferrer pleaded guilty, accepted responsibility, and publicly provided testimony at trial. In terms of his role in Backpage, his compensation was far less than Lacey, Spear, and Brunst, who all held ownership stakes in Backpage.

In assessing the appropriate sentence for Ferrer, both Lacey and Ferrer were convicted of a single count. Lacey received a five-year sentence despite the substantial relevant conduct spanning fourteen years that would suggest a much greater sentence was in order. Of course, Lacey never accepted responsibility for the vast sums of money he made from prostitution postings nor did he ever acknowledge the despair and misery that Backpage caused to countless victims and their families.

### F. Need to Protect the Public

As noted in other pleadings and in trial testimony, Ferrer was instrumental in the shuttering of the Backpage website, thereby protecting the further victimization of those being posted on the website.

### G. Government's Sentencing Recommendation

Based on considerations set forth in other filings and § 3553(a) factors, the United States recommends a sentence of 5 years' probation and $500,000 in restitution.

### III. Conclusion

This Memorandum, in addition to other Government filings, supports the recommended sentence. The Government is prepared to provide additional information or

///

///

///

///

answer any questions this Court may have prior to or during the sentencing scheduled for September 9, 2025.

Respectfully submitted this 5th day of September, 2025.

                                        TIMOTHY COURCHAINE
                                        United States Attorney
                                        District of Arizona

                                        *s/Kevin M. Rapp*
                                        KEVIN M. RAPP
                                        Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Jonathan Baum
*Counsel for Defendant*

*s/Daniel Parke*
U.S. Attorney's Office